IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIDGET M. BIRMINGHAM | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-16-4116 |
| U.S. GOVT. | * | |
| Defendant. | * | |
| | ***** | |

## MEMORANDUM

The above-captioned complaint was filed on December 29, 2016, together with a motion to proceed in forma pauperis, which shall be granted. Plaintiff complains that her residence "is focused on" 24 hours, seven days a week, causing her to lose her privacy. She also claims that telephone calls to her house are stolen and "received vacant;" her internet, cable, electricity, heating and air conditioning unit, washer, and dryer are "controlled by below activities;" and calls placed to 911 are directed "below."[1] ECF No. 1, p. 6. Plaintiff claims that men and women of the federal government are hounding her for a "safety zone" to land "corrupt" in. *Id.*, p. 7. No particular relief request is made.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir.

---

[1] Plaintiff noted that the United States Government lives below her residence in a bomb shelter. ECF No. 1 at p. 2.

2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[2]

Because plaintiff is proceeding as a self-represented litigant, the court must liberally construe her complaint allegations. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This court, however, is not required to conjure up questions never squarely presented to it.[3] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although self-represented pleadings must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

---

[2] Title 28 U.S.C. Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (B) the action or appeal—
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Liberally construing complaint allegations, the court finds that plaintiff has, at best, set out inchoate claims, that do not state a federal cause of action under this Court's § 1331 jurisdiction. A district court has inherent authority to dismiss a frivolous complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa,* 490 U.S. 296, 307-08, (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"). The court finds that the instant matter is subject to dismissal due to plaintiff's failure to allege a cognizable federal claim. A separate order follows.

Date: January 17, 2017            /S/
                                  Paula Xinis
                                  United States District Judge